IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
AUG 1 2 2014
CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

**JERRED DEAN AND NAOMI DEAN**                                     **PLAINTIFFS**

VS.                              NO. 14-2172

**AMMO LOAD WORLDWIDE, INC**                                      **DEFENDANT**

**JURY TRIAL DEMANDED**

## COMPLAINT

Comes the Plaintiff, Jerred Dean and Naomi Dean, husband and wife, by and through their attorney, Jackson Law Firm, and for their Complaint against the Defendant states:

### PARTIES

1.   Plaintiffs Jerred Dean and Naomi Dean are husband and wife and are residents of Johnson County, Arkansas.

2.   Defendant Ammo Load Worldwide, Inc. is an out of state corporation that conducts business in all fifty states by manufacturing, selling and servicing ammunition loading machines. As such, Ammo Load Worldwide is subject to personal jurisdiction in this state.  Their agent for service of process is Mr. Marcus McNabb; 815 D Street; Lewiston, Idaho 83501.

### STATEMENT OF JURISDICTION AND VENUE

3.   The United States District Court for the Western District

of Arkansas has jurisdiction of this cause of action pursuant to 28 U.S.C. §1332 as the Plaintiff is a resident of the State of Arkansas and the Defendant is a foreign corporations and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.  Venue for this cause of action is governed by 28 U.S.C. §1391.  Venue lies properly in the Western District of Arkansas, Fort Smith Division as the Plaintiffs are residents of Johnson County, Arkansas and the incident causing the Plaintiff's injuries occurred in Johnson County, Arkansas.

## STATEMENT OF FACTS

5.  This is a products liability and negligence claim arising from an explosion that occurred on May 14, 2013 while Jerred Dean was operating a Mark IV automatic ammunition pistol loading machine designed and manufactured by Ammo Load Worldwide, Inc.  The explosion occurred in Johnson County at the manufacturing facility of Black Powder, Inc.  Jerred Dean was operating the machine per the instruction manual and was following all known safety procedures at the time of the explosion.  This particular machine had been sent back to Ammo Load Worldwide so that it could be modified for black powder.  Ammo Load Worldwide made the adjustments for this machine to be used for black powder production.

-2-

6. Jerred Dean had just filled the powder flask with approximately one pound of black powder. The machine was in the off position. As Mr. Dean approached the machine, the Powder Check Shut-Off Switch at Station #6 suddenly shorted out creating a large electrical arc which provided the source of ignition for the black powder that had just been poured into the machine. A tremendous explosion occurred which caused severe life threatening injuries to Jerred Dean which has left him with permanent limitations, scars and disfigurement.

7. Jerred Dean was operating the ammunition loading machine in a safe and prudent manner at all times relevant to this cause of action.

## COUNT I: NEGLIGENCE

8. The Mark IV Ammo Load machine was designed, manufactured, supplied and serviced by the Defendant. The negligence of Defendant Ammo Load Worldwide Inc., as set forth herein, was one of the proximate causes of the injuries to Jerred Dean. This negligence consisted of, in part, the following:

(a) Failing to use ordinary care in the design of the Powder Shut-Off Switch;

(b) Failing to use ordinary care in the selection of the materials used in the Powder Shut-Off Switch and its assembly;

-3-

(c) Failing to use ordinary care in the inspection and testing of the Powder Shut-off Switch;

(d) Designing and manufacturing a defective and unsafe ammunition loading machine;

(e) Failing to give reasonable and adequate warnings of the defective condition the Mark IV ammunition loading machine and failing to warn of the dangers inherent or reasonably foreseeable in the use of the ammunition loading machine while it is used for black powder;

(f) Failing to give reasonable and adequate instructions with respect to the conditions and methods of the safe use of the Mark IV ammunition loading machine; and,

(g) Supplying a defective and unsafe product.

## COUNT II:   STRICT LIABILITY

9. The Defendant is liable to the Plaintiffs for designing, manufacturing, assembling and placing into the stream of commerce a brand of ammunition loading machine which was unreasonably dangerous for its reasonably foreseeable uses because it was in a defective condition which rendered it unreasonably dangerous and that the defective was a proximate cause of the Plaintiffs' injuries and damages pursuant to Arkansas Code Annotated §§16-116-102 and 4-86-102.  The Mark IV ammunition

-4-

loading machine involved in this case was defective and unreasonably dangerous at the time it was designed, manufactured and distributed. The defective nature of the design of the Mark IV ammunition loading machine included defects in design, marketing; instructions; and warnings. The defective nature of the Mark IV ammunition loading machine proximately caused the accident, injuries and damages suffered by the plaintiffs. Ammo Load Worldwide, Inc. is therefore strictly liable for supplying a defective and unreasonably dangerous product that resulted in personal injury and property damage. The Defendant was regularly engaged in the business of designing, manufacturing and supplying ammunition loading machines such as the one involved in this case. The ammunition loading machine in question was designed, manufactured and supplied and retrofitted for black powder use by the defendant in a defective condition in the particulars set forth in the above paragraphs above, which condition rendered said machine unreasonably dangerous and for which the Defendant should be held strictly liable in tort.

## **COUNT III: BREACH OF WARRANTY**

10. At all times relevant to this complaint, the defendant was a "merchant" in the business of supplying "goods." The Mark IV ammunition loading machine involved in this cause of action is

-5-

and was a "good" and/or "product" sold for consumer usage. As such, the defendant breached the warranties of merchantability and fitness for a particular purpose in that the Mark IV ammunition loading machine was not fit for its ordinary use or for the intended use for which it was purchased. These breaches of warranty proximately resulted in the accident, injuries and damages suffered by the plaintiff.

## RES IPSA LOQUITUR

11. All preceding paragraphs are realleged and incorporated herein by reference.

12. The doctrine of *Res Ipsa Loquitur* applies to defendants as the Mark IV ammunition loading machine in question had been in their exclusive control without any opportunity for the characteristics of the machine to have been changed after leaving their possession. In the normal course of events, no injury or property damage would have occurred if Ammo Load Worldwide had used ordinary care while they designed the machine under their exclusive control. Therefore, one may infer negligence by the Defendant by the manner in which this incident occurred.

## DAMAGES

13. As a direct result of the incident described above, Jerred Dean sustained severe personal injuries, including facial

scarring and permanent limitations on the use of his hands. Jerred Dean has suffered great physical pain and mental anguish due to such injuries in the past, and in reasonable probability will continue to suffer physical pain and mental anguish in the future.

14. As a result of these injuries, Jerred Dean has been physically impaired and disfigured and will continue to be so impaired and disfigured in the future.

15. As a result of the injuries described above, Jerred Dean has incurred medical expenses and in reasonable probability will continue to incur such expenses in the future.

16. As a result of the injuries sustained, Jerred Dean has sustained a loss of ability to earn an income in the future

17. As a result of the injuries sustained, Jerred Dean will incur lifelong expenses for caretaking.

18. Naomi Dean has a loss of consortium claim for the loss of the services, society, companionship and marriage relationship of her husband proximately caused by the negligence or fault of the defendant.

19. As a result of the personal injuries and economic damages set out in the foregoing paragraphs, the plaintiffs have been damaged in a sum to be determined by a jury of their peers.

20.  The Plaintiff demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and as guaranteed by the 7th Amendment of the U.S. Constitution.

**WHEREFORE**, the Plaintiffs prays for a judgment against the Defendant in an amount exceeding the amount required for diversity in federal jurisdiction cases, for a trial by jury, for costs, for post-judgment interest and for all other necessary and proper relief to which Jerred Dean and Naomi Dean may be entitled.

Respectfully submitted,

**JACKSON LAW FIRM**

*/s/ Jim Jackson*
Jim Jackson
Ark. Bar No. 93209
Attorneys for Plaintiff
124 West Capitol Avenue; Suite 870
Little Rock, AR 72201-3704
(501) 823-3610 phone